MICHELLE MANCINO MARSH (*PRO HAC VICE* TO BE FILED)
michelle.marsh@arentfox.com
DANA J. FINBERG (SBN 257459)
dana.finberg@arentfox.com
JEFF LEUNG (SBN 310960)
jeff.leung@arentfox.com
PETER L. MENCHINI
peter.menchini@arentfox.com (*PRO HAC VICE* TO BE FILED)
**ARENT FOX LLP**
55 Second Street, 21st Floor
San Francisco, California 94105
Telephone: 415.757.5500
Facsimile:  415.757.5501

Attorneys for Plaintiff
Rothy's, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROTHY'S, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>BIRDIES, INC., a Delaware corporation<br><br>　　　　　　Defendant. | Case No.<br><br>**Plaintiff's Complaint for:**<br>**1. Patent Infringement (35 U.S.C. § 271)**<br><br>**Jury Trial Demanded** |

ARENT FOX LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT

# INTRODUCTION

1. Plaintiff Rothy's, Inc. ("Rothy's" or "Plaintiff"), by counsel, alleges as follows as its Complaint against Defendant Birdies, Inc. ("Birdies" or "Defendant") for patent infringement arising under the Patent Act, 35 U.S.C. §§ 1, *et seq*. Rothy's owns exclusive rights in the ornamental designs claimed in United States Design Patent Nos. D885,016, D885,017, D909,718, and D870,425 (collectively, the "Rothy's Asserted Design Patents").

2. Birdies has used and continues to use the claimed designs of the Rothy's Asserted Design Patents, without Rothy's permission, on shoes that Birdies makes, uses, offers for sale, sells, and/or imports into the United States.

3. Rothy's seeks, among other things, permanent injunctive relief to stop Birdies from infringing its design patents; damages and/or restitution of Birdies' profits from their infringing activities; prejudgment interest; costs and attorneys' fees; and all other relief the Court deems just and proper.

# NATURE OF THE ACTION

4. Rothy's (formerly known as CABH Holdings, LLC) was founded in San Francisco in 2012, as an innovative ladies' footwear company with a core message of environmental sustainability. Rothy's products are knitted from recycled material, and in the process, the company has repurposed over 75 million plastic bottles since its founding.

5. To create Rothy's shoes, recycled plastic is: (a) collected after consumer use; (b) sterilized; (c) melted into pellets; and (d) spun into soft fiber yarn suitable for knitting. The yarn is then knitted together using Rothy's novel "360 degree" 3-D knitting process. Among the purchasing public, Rothy's shoes are instantly recognizable by their signature knit.

6. Since its founding, Rothy's has become enormously popular, driven by its demanding quality standards and innovative designs. Indeed, Rothy's has what

*Business Insider* describes as a "ravenous following" for its unique, novel, sustainable, comfortable, and stylish shoes.

7. Rothy's creative achievements have resulted in broad intellectual property protection for its innovations, including design patents. Nevertheless, Rothy's innovations have been the subject of frequent copying by those attempting to capitalize on its success by illegally imitating Rothy's protected product designs.

8. One of those imitators is Birdies. Instead of pursuing independent product development, Birdies has chosen to copy Rothy's innovative and distinctive product designs in violation of Rothy's valuable intellectual property rights. As alleged in detail below, in an effort to trade off the valuable intellectual property rights Rothy's has obtained through its innovation and significant investment, Birdies blatantly copied nearly every aspect of the valuable Rothy's designs through willful patent infringement.

9. Consumers have immediately associated Birdies' newly-launched, infringing shoe with Rothy's. Below are just a few examples of the many posts made on Birdies' own Instagram account, which include comments such as "These remind me of @rothys"; "Looks like Rothy's style knit!"; "I was really hoping for a new design, not ripped off Rothy's"; and "These look like Rothys."



10. Unfortunately, although Birdies has blatantly copied Rothy's protected product designs, it chose not to emulate Rothy's commitment to environmental sustainability. On information and belief, Birdies manufactures its infringing shoe

ARENT FOX LLP
ATTORNEYS AT LAW
SAN FRANCISCO

using non-eco-friendly materials and processes. For example, in the one of the social media posts referenced in Paragraph 9 above, Birdies when asked if its infringing shoe was made from recycled plastic bottles, responded only that its shoe was made from polyester. On information and belief, Birdies does not use yarn or materials derived from recycled plastic bottles to manufacture its infringing shoe.

11. Through this action, Rothy's seeks to protect its valuable intellectual property by enjoining Birdies' illegal conduct and obtaining compensation for Birdies' blatant infringement and free-riding on the substantial investments Rothy's has devoted to funding its innovation.

## THE PARTIES

12. Rothy's is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 807 Montgomery Street, San Francisco, California 94133.

13. On information and belief, Defendant Birdies is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 655 Montgomery Street, Suite 1650 San Francisco, CA 94111, and is doing business in the state of California.

## JURISDICTION AND VENUE

14. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15. This Court has personal jurisdiction over Defendant Birdies because Birdies maintains its principal place of business in this District. This Court also has personal jurisdiction over Birdies because Birdies regularly solicits and conducts business in this District and engages in other persistent courses of conduct in this District. This Court also has personal jurisdiction over Birdies because Birdies derives substantial revenue from goods and services sold to persons or entities in this District and commits acts of infringement in this District, including but not limited

to making, using, offering to sell, selling, and/or importing products that infringe one or more claims of Rothy's patents at issue in this lawsuit.

16. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because Birdies maintains a regular and established place of business in this District and has committed, and continues to commit, acts of infringement in this District, including but not limited to making, using, offering to sell, selling, and/or importing products that infringe one or more claims of Rothy's patents at issue in this lawsuit.

## INTRADISTRICT ASSIGNMENT

17. Because this action is an Intellectual Property Action within the meaning of Civil Local Rule 3-2(c), the action is to be assigned on a district-wide basis.

## FACTUAL ALLEGATIONS

### ROTHY'S AND ITS INNOVATIVE DESIGNS

18. In 2012, William Roth Martin and Stephen Hawthornthwaite founded Rothy's in San Francisco, California, and they began the design and development of Rothy's revolutionary, industry changing footwear. Rothy's first shoe designs were two different shape variations of the style of shoe known as a "ballet flat," named The Flat (having a rounded toe) and The Point (having a pointed toe). These ballet flats were the first to showcase a design having the signature, knitted look that Rothy's is known for.

19. Rothy's flat designs quickly gained success in the market, becoming a coveted lifestyle product across the United States, and earned a reputation with consumers for their comfortable fit, extremely attractive aesthetic, and sustainability.

20. As early as August 2016, news outlets praised Rothy's flats as "not only . . . among the most politically correct shoes on our beleaguered planet, they are also adorable." Lynn Yaeger, *The Most Environmentally Friendly Shoes on the Planet Also Happen to Be the Cutest*, Vogue (Aug. 17, 2016), https://www.vogue.com/article/rothys-shoes-chic-recycled-eco-friendly-flats/amp.

Because Rothy's shoes "are elegant, breathable, and so comfortable," it has led to "the shoes hav[ing] amassed a loyal global clientele, many of whom can't stop talking about them online and off." Tariro Mzezewa, *What if Your Environmentally Correct Shoes Were Also Cute?*, New York Times (June 6, 2017), https://www.nytimes.com/2017/06/06/fashion/rothys-recycled-plastic-bottle-shoes.html. And those "obsessed with Rothy's" footwear proclaim that "not only are these shoes adorable, they're also eco-friendly." Catherine DiBenedetto, *I Have Meghan Markle's Go-To Flats—And They Are the Most Comfortable Shoes I've Ever Owned*, Health (Nov. 7, 2018), https://www.health.com/style/comfortable-flats-rothys.

21.   Rothy's continued to innovate, and in or around November 2017, it released first of their kind knitted loafers in two styles: the Loafer (a slipper cut ballerina flat having a round toe) and the Pointed Loafer (a slipper cut ballerina flat having a pointed-toe). The Pointed Loafer was a limited edition and is coveted by collectors, often referred to by consumers, along with other sold out or difficult to find styles, as a "Rothy's Unicorn." An example of the Pointed Loafer shoe, with its unique design, is shown below.



22. In total, Rothy's has invested roughly 9 years and vast financial resources in the conception, design, manufacture, marketing, and sales of its innovative footwear.

23. Rothy's brand has built a strong and devoted fan base, including on social media, with its Facebook page having over 334,000 followers, its Instagram handle having over 339,000 followers, and numerous fan groups on Facebook having been created and joined by thousands of dedicated "super-fans," including, for example, Facebook groups named "Rothy's Addicts," "Rothy's Unicorn Collective," "Rothy's BST," and "Rothy's Buy/Sell/Trade and Chat." The widespread consumer recognition acquired by Rothy's was recognized in *Forbes* magazine, which noted the "[o]bsessive Rothy's customers [that] wait in line outside the company's miniature Fillmore Street store and join a private Facebook group for self-described Rothy's addicts with nearly 14,000 members." Amy Feldman, *Next Billion-Dollar Startups: Rothy's Makes This Year's 'It' Shoe. But Can It Keep Growing Amid A Flood Of Copy Cats—And A Founder's Departure?*, FORBES (July 16, 2019), https://www.forbes.com/sites/amyfeldman/2019/07/16/rothys-shoes/#46a8690079d5.[1]

24. Rothy's designs are important components of Rothy's strategy and are integral to Rothy's success. As such, Rothy's has taken steps to protect its innovative designs, including by applying for and obtaining design patents from the United States Patent and Trademark Office (the "USPTO"), and around the world. Rothy's patent applications were reviewed by trained patent examiners at the USPTO, and its issued design patents are presumed valid.

25. With Rothy's fame and recognition have come imitators, intent on creating knockoff and counterfeit products that infringe upon Rothy's intellectual property, including its design patents. To counteract such infringing acts, Rothy's

---

[1] This article references that Stephen Hawthornthwaite had temporarily stepped down as Chief Executive Officer of Rothy's. Mr. Hawthornthwaite has now returned as acting CEO of Rothy's.

1 polices the market and enforces its intellectual property, including by sending cease and desist letters and, when necessary, filing lawsuits against third parties. In one such lawsuit, a Consent Decree was entered enjoining the accused party from manufacturing, marketing and selling the accused shoe after December 31, 2019, acknowledging the validity of certain of Rothy's design patents, and providing for the accused parties to redesign the accused shoe. *See* Order, D.I. 80, *Rothy's Inc. v. JKM Techs., LLC*, No. 3:18-CV-00067-MFU-JCH (W.D. Va., filed Sept. 18, 2018). Further, the UK Intellectual Property Enterprise Court recently granted judgment in favor of Rothy's in *Rothy's v Giesswein* [2020] EWHC 3391 (IPEC), finding that Rothy's Registered Community Design ("RCD") for the pointed-toe, slipper cut ballerina flat having a knitted upper was both valid and infringed.

### THE ROTHY'S ASSERTED DESIGN PATENTS

26.  By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D885,016 (the "'016 Patent") for an ornamental design entitled "Shoe." The '016 Patent, a copy of which is attached hereto as Exhibit A, was filed on May 10, 2017, and duly issued by the United States Patent and Trademark Office on May 26, 2020. Such right, title, and interest includes, without limitation, the right to sue and receive damages for past, present, and future patent infringement.

27.  By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D885,017 (the "'017 Patent") for an ornamental design entitled "Shoe." The '017 Patent, a copy of which is attached hereto as Exhibit B, was filed on August 9, 2019, and duly issued by the United States Patent and Trademark Office on May 26, 2020. Such right, title, and interest includes, without limitation, the right to sue and receive damages for past, present, and future patent infringement.

28.  By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D909,718 (the "'718 Patent") for an

ornamental design entitled "Shoe." The '718 Patent, a copy of which is attached hereto as Exhibit C, was filed on April 25, 2019, and duly issued by the United States Patent and Trademark Office on February 9, 2021. Such right, title, and interest includes, without limitation, the right to sue and receive damages for past, present, and future patent infringement.

29. By way of assignment, Rothy's is the owner of all rights, title and interest in and to United States Patent No. D870,425 (the "'425 Patent") for an ornamental design entitled "Portion of a Shoe." The '425 Patent, a copy of which is attached hereto as Exhibit D, was filed on August 8, 2019, and duly issued by the United States Patent and Trademark Office on December 24, 2019. Such right, title, and interest includes, without limitation, the right to sue and receive damages for past, present, and future patent infringement.

### BIRDIES INFRINGES THE ROTHY'S ASSERTED DESIGN PATENTS

30. On information and belief, between October 2019 and October 2020, Birdies, or someone acting on its behalf, purchased numerous pairs of Rothy's footwear products for the purpose of copying. The Rothy's products were shipped to Birdies' corporate address in San Francisco and, on information and belief, paid for by an officer or director of Birdies.

31. On information and belief, with Rothy's products in hand, Birdies began reviewing, researching, and copying the designs claimed by the Rothy's Asserted Design Patents.

32. On information and belief, in or about February 2021, without Rothy's authorization, Birdies began marketing, manufacturing, offering for sale, and/or importing into the United States a shoe named the "The Blackbird"–a pointed-toe, slipper cut ballerina flat having a knitted upper (the "Infringing Product").[2]

---

[2] On at least one occasion, Birdies has referred to the Infringing Product as "The Engineered Knit Blackbird." *See* https://birdies.com/collections/womens-shoes-washable (*last visited* April 5, 2021).

- 8 -  COMPLAINT

33. Birdies also sells a shoe similarly named The Blackbird without a knitted upper. However, despite being marketed under the same name as the Infringing Product, The Blackbird shoe without the knitted upper has a substantially different overall appearance and visual impression from the Infringing Product. Indeed, the respective models are so different in overall appearance that, as shown in the table below comparing annotated screenshots of Birdies' website,[3] Birdies even explicitly offers differing fit guidance for The Blackbird shoe without the knitted upper than for the Infringing Product.

| Birdies – Shoe Named "The Blackbird" Without Knitted Upper | Birdies - The Infringing Product |
|---|---|
| ★★★★★ 516 Reviews<br>**The Blackbird**<br>Black Calf Hair<br>$140<br>Or 3 interest-free payments of $47 with affirm<br>DETAILS \| women's flat, calf hair, no-slip rubber sole for inside/outside wear, 10 mm heel<br>CLASSIC \| Black Calf Hair<br>SEASONAL \|<br>SELECT SIZE \| Fits true to U.S sizing | washable  ★★★★☆ 95 Reviews<br>**The Blackbird**<br>Eggshell<br>$120<br>Or 3 interest-free payments of $40 with affirm<br>DETAILS \| washable women's flat, navy piping, engineered knit, no-slip rubber sole for inside/outside wear, 10 mm heel<br>CLASSIC \| Eggshell<br>SEASONAL \|<br>SELECT SIZE \| fits snug, try a half size up |

34. The overall appearance of the claimed designs of the Rothy's Asserted Design Patents and the corresponding design of the Infringing Product are substantially the same.

35. An ordinary observer will perceive the overall appearance of the claimed designs of the Rothy's Asserted Design Patents and the corresponding design of the Infringing Product to be substantially the same.

36. The tables below illustrate Birdies' infringements by comparing figures from the Rothy's Asserted Design Patents with images of the Infringing Product. In Rothy's patent figures, the claimed designs are shown in solid lines. The broken lines

---

[3] https://birdies.com/collections/the-blackbird (*last visited* April 5, 2021).

depicting the remainder of the shoe show features that form no part of the claimed designs:

| Rothy's - U.S. D885,016 | Birdies - The Infringing Product |
|---|---|
| (side view drawing) | (side view photo) |
| (top view drawing) | (top view photo) |
| (sole view drawing) | (sole view photo) |

| Rothy's - U.S. D885,017 | Birdies - The Infringing Product |
|---|---|
| (side view drawing) | (side view photo) |
| (top view drawing) | (top view photo) |
| (sole view drawing) | (sole view photo) |

ARENT FOX LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Rothy's - U.S. D909,718 | Birdies - The Infringing Product |
|---|---|
| | |
| | |
| | |

| Rothy's - U.S. D870,425 | Birdies - The Infringing Product |
|---|---|
| | |
| | |
| | |

37. On information and belief, Birdies intended to and did copy the claimed designs of the Rothy's Asserted Design Patents by creating the same or similar overall impression as Rothy's designs.

38. Birdies' bad faith intent in their copying of Rothy's designs is underscored by their propensity to draw liberal "inspiration" from Rothy's products, leading up to the release of the Infringing Product. For example, in or around, July 2020, Birdies released a colorway pattern of its shoe model "The Swan," that appears to have been derived from a colorway pattern offered for Rothy's "Marta Ferri x Rothy's" The Flat shoes, which had been released in October 2019.[4]

| Rothy's – "Marta Ferri x Rothy's" The Flat | Birdies - The Swan |
|---|---|

39. Now, the Infringing Product not only infringes the Rothy's Asserted Design Patents, it is offered in multiple colorways that are indistinguishable from colorways Rothy's currently offers for The Loafer.

---

[4] A colorway is a range of combinations of colors in which a style or design is available.



40. Rothy's has not granted a license or any other form of permission to Birdies with respect to any of its design patents or other intellectual property.

41. In accordance with 35 U.S.C. § 287(a), Rothy's virtually marks its footwear at www.rothys.com/pages/patents as of or shortly after the date of issuance of each patent.

42. On information and belief, Birdies had actual knowledge of the '016 Patent, the '017 Patent, and the '425 Patent before it began selling the Infringing Product.

43. On March 9, 2021, in an effort to avoid litigation, Rothy's sent, via FedEx and E-mail, correspondence notifying Birdies of its infringement of the Rothy's Asserted Design Patents, and requesting that Birdies permanently discontinue all advertising, promotion, or sale of the Infringing Product. The letter further requested that the parties enter into a dialogue. By letter dated March 19, 2021, Birdies flatly rejected Rothy's requests.

44. On information and belief, Birdies infringement has caused Rothy's to suffer harm, and as such, Rothy's is entitled to injunctive relief and damages.

# COUNT I
## INFRINGEMENT OF U.S. PATENT NO. D885,016
(35 U.S.C. §§ 271)

45. Rothy's incorporates and re-alleges the allegations contained in Paragraphs 1 through 44 of its Complaint above as though fully set forth below.

46. Rothy's owns all rights, title, and interest in the '016 Patent.

47. Birdies, without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into or in the United States, and continue to make, use, offer for sale, sell, and/or import into or in the United States, the Infringing Product, which infringes the '016 Patent.

48. On information and belief, Birdies' infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

49. On information and belief, Birdies' infringement was and is willful, deliberate, malicious, and in bad faith, making this an exceptional case. Birdies knew or should have known that continuing to make, use, offer to sell, sell, and/or import the Infringing Product into the United States would directly infringe the '016 Patent, yet Birdies infringed and continues to infringe the '016 Patent. As a result, Rothy's is entitled to increased damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

50. On information and belief, Birdies has caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. D855,017
(35 U.S.C. §§ 271)

51. Rothy's incorporates and re-alleges the allegations contained in Paragraphs 1 through 50 of its Complaint above as though fully set forth below.

52. Rothy's owns all rights, title, and interest in the '017 Patent.

53. Birdies, without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into or in the United States, and continue to make, use, offer for sale, sell, and/or import into or in the United States, the Infringing Product, which infringes the '017 Patent.

54. On information and belief, Birdies' infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

55. On information and belief, Birdies' infringement was and is willful, deliberate, malicious, and in bad faith, making this an exceptional case. Birdies knew or should have known that continuing to make, use, offer to sell, sell, and/or import the Infringing Product into the United States would directly infringe the '017 Patent, yet Birdies infringed and continues to infringe the '017 Patent. As a result, Rothy's is entitled to increased damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

56. On information and belief, Birdies has caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. D909,718
(35 U.S.C. §§ 271)

57. Rothy's incorporates and re-alleges the allegations contained in Paragraphs 1 through 56 of its Complaint above as though fully set forth below.

58. Rothy's owns all rights, title, and interest in the '718 Patent.

59. Birdies, without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into or in the United States, and continue to make, use, offer for sale, sell, and/or import into or in the United States, the Infringing Product, which infringes the '718 Patent.

60. On information and belief, Birdies' infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

61. On information and belief, Birdies' infringement was and is willful, deliberate, malicious, and in bad faith, making this an exceptional case. Birdies knew or should have known that continuing to make, use, offer to sell, sell, and/or import the Infringing Product into the United States would directly infringe the '718 Patent, yet Birdies infringed and continues to infringe the '718 Patent. As a result, Rothy's is entitled to increased damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

62. On information and belief, Birdies has caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. D870,425
(35 U.S.C. §§ 271)

63. Rothy's incorporates and re-alleges the allegations contained in Paragraphs 1 through 62 of its Complaint above as though fully set forth below.

64. Rothy's owns all rights, title, and interest in the '425 Patent.

65. Birdies, without authorization from Rothy's, have made, used, offered for sale, sold, and/or imported into or in the United States, and continue to make, use, offer for sale, sell, and/or import into or in the United States, the Infringing Product, which infringes the '425 Patent.

66.     On information and belief, Birdies' infringement has caused Rothy's to suffer damages, and as such, Rothy's is entitled to damages pursuant to 35 U.S.C. §§ 284 and 289.

67.     On information and belief, Birdies' infringement was and is willful, deliberate, malicious, and in bad faith, making this an exceptional case. Birdies knew or should have known that continuing to make, use, offer to sell, sell, and/or import the Infringing Product into the United States would directly infringe the '425 Patent, yet Birdies infringed and continues to infringe the '425 Patent. As a result, Rothy's is entitled to increased damages and attorneys' fees pursuant to 35 U.S.C. §§ 284 and 285.

68.     On information and belief, Birdies has caused irreparable damage and harm to Rothy's by its acts of infringement as described above and will continue said acts of infringement unless enjoined by this Court under 35 U.S.C. § 283.

## PRAYER FOR JUDGEMENT AND RELIEF

WHEREFORE, Rothy's prays for a judgment against Birdies as follows:

1.     A judgment and order that Birdies has infringed the Rothy's Asserted Design Patents by making, using, offering to sell, selling, and/or importing its infringing shoes into the United States;

2.     A judgment and order permanently enjoining Birdies and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with Birdies, from infringing the Rothy's Asserted Design Patents;

3.     A judgment and order requiring Birdies to pay Rothy's damages adequate to compensate Rothy's for Birdies' infringements of the Rothy's Asserted Design Patents pursuant to 35 U.S.C. § 284, or the total profit made by Birdies from its infringements of the Rothy's Asserted Design Patents pursuant to 35 U.S.C. § 289;

4.     A judgment and order requiring Birdies to pay Rothy's supplemental damages or profits for any continuing post-verdict infringement up until entry of the

final judgment, with an accounting, as needed;

5. A judgment and order requiring Birdies to pay Rothy's increased damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

6. A judgment and order requiring Birdies to pay Rothy's pre-judgment and post-judgment interest on any damages or profits awarded;

7. A determination that this action is an exceptional case pursuant to 35 U.S.C. § 285;

8. An award of Rothy's attorneys' fees for bringing and prosecuting this action;

9. An award of Rothy's costs and expenses incurred in bringing and prosecuting this action; and

10. Such further and additional relief as this Court deems just and proper.

Dated: April 5, 2021                **ARENT FOX LLP**

By: /s/ Dana J. Finberg
DANA J. FINBERG (SBN 257459)
MICHELLE MANCINO MARSH (*PRO HAC VICE* TO BE FILED)
JEFF LEUNG (SBN 310960)
PETER L. MENCHINI (*PRO HAC VICE* TO BE FILED)
*Attorneys for Plaintiff*
*ROTHY'S, INC.*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all matters that may be so tried.

Dated: April 5, 2021                              **ARENT FOX LLP**


By: /s/ Dana J. Finberg
DANA J. FINBERG (SBN 257459)
MICHELLE MANCINO MARSH (*PRO HAC VICE* TO BE FILED)
JEFF LEUNG (SBN 310960)
PETER L. MENCHINI (*PRO HAC VICE* TO BE FILED)
*Attorneys for Plaintiff
ROTHY'S, INC.*