UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROTHY'S, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>BIRDIES, INC.,<br><br>        Defendant. | Case No. 21-cv-02438-VC (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 89 |

      Rothy's list of the "minimum discovery it need[s] to oppose Birdies' MSJ" is confusing, because the list includes RFPs that also appear on a different list—the list of "other discovery needed." Dkt. 89 at 2–3. Perhaps RFPs appearing on both lists are multifaceted and cover some documents needed for summary judgment and some not. But Rothy's has asked the Court to compel Birdies to produce *all* documents responsive to these RFPs in approximately two weeks, *see id.* at 3, even though the fact-discovery cutoff is four months away. The only compelling need for such urgency would be if Rothy's needed this discovery to oppose summary judgment. (Rothy's opposition to Birdies' motion for summary judgment is due in about a month, on February 22, 2022.) But the RFPs aren't narrowly tailored to what Rothy's needs to oppose summary judgment, so the Court won't grant this request. This doesn't mean that the RFPs seek irrelevant information, only that they seek at least some information that isn't needed at this stage in the case.

      Rothy's should put the RFPs aside (they're only causing confusion) and tell Birdies exactly what it needs to oppose summary judgment. Birdies has said it will "provide all discovery that Rothy's contends it needs to oppose Birdies' MSJ by February 4, 2022." *Id.* at 4. To the extent that the parties ultimately disagree about what discovery is needed before Rothy's can adequately oppose summary judgment, they may return to the Court. But it may be more appropriate for them to do so by way of a Rule 56(d) request to Judge Chhabria. He, not the undersigned, will consider

the motion for summary judgment and will be in the best position to determine if "specific facts that further discovery would reveal . . . would preclude summary judgment." *SEC v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018) (simplified).

As for ESI, Birdies' responses to Rothy's ESI requests aren't due until today, *see* Dkt. 89 at 3, so the Court won't prejudge whether those responses are adequate. If an ESI dispute arises, the parties may bring it to the undersigned's attention by filing a new joint statement.

With respect to depositions, the parties' joint statement refers to them only briefly, and it's unclear if there's a continuing disagreement. The parties must meet and confer again, and if there's a deposition-related dispute that they can't resolve they should file a joint statement addressing it. In general, the parties shouldn't try to stuff multiple issues into a single joint statement. If there are discrete topics in dispute, they should be raised in separate filings.

**IT IS SO ORDERED.**

Dated: January 20, 2022

_____
Alex G. Tse
United States Magistrate Judge