DAVID K. TELLEKSON (admitted *pro hac vice*)
dtellekson@fenwick.com
JESSICA M. KAEMPF (admitted *pro hac vice*)
jkaempf@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA  98101
Telephone:     206.389.4510
Facsimile:     206.389.4511

SHANNON E. TURNER (CSB No. 310121)
sturner@fenwick.com
GREGORY P. ADAMS (CSB No. 292391)
gadams@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

Attorneys for Defendant
Birdies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROTHY'S, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>   v.<br><br>BIRDIES, INC., a Delaware corporation,<br><br>       Defendant. | Case No.: 3:21-cv-02438-VC<br><br>**BIRDIES, INC.'S RESPONSE TO ADMINISTRATIVE MOTION TO FILE MATERIALS UNDER SEAL [DKT. 119]** |

Pursuant to Section 14.4 of the Protective Order and Civil Local Rules 7-11 and 79-5, Birdies, Inc. hereby responds to Rothy's motion for administrative relief to consider whether certain materials should be sealed (Dkt. 119).  Birdies seeks to file under seal the following items in connection with Rothy's motion.

| Document | Document Description | Portion to Be Sealed |
|---|---|---|
| BIRDIES_00077229 (Exhibit C to the Declaration of Taylor J. Pfingst) | Slack messages between Birdies' CEO and a Birdies employee | As marked in the attached, Birdies seeks to seal the personal cell phone number of Birdies' CEO and links to Birdies' internal electronic file locations, located on the following pages:<br>• BIRDIES_0077231-32<br>• BIRDIES_0077234-35<br>• BIRDIES_0077237 |
| BIRDIES_00077248 (Exhibit D to the Declaration of Taylor J. Pfingst) | Slack messages between Birdies' CEO and a Birdies employee | As marked in the attached, Birdies seeks to seal the links to Birdies' internal electronic file locations located on the following pages:<br>• BIRDIES_00077250-51 |
| Excerpts of deposition transcript of Bianca Gates (Exhibit G to the Declaration of Taylor J. Pfingst) | Excerpts of deposition of Birdies' CEO, Bianca Gates | As marked in the attached, Birdies seeks to seal Ms. Gates's testimony related to future product release plans, located on the following deposition transcript pages:<br>• Pages 199–200 |

In the Ninth Circuit, a party seeking to file documents under seal in connection with a non-dispositive motion must establish "good cause" under Federal Rule of Civil Procedure 26(c). *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . [by] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Under Rule 26(c), good cause exists when public disclosure will cause harm or prejudice. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063

(9th Cir. 2004) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.,* 307 F.3d 1206, 1210–11 (9th Cir. 2002)).  When records contain sensitive information, it is appropriate to redact the sensitive portions and disclose the remaining information.  *Foltz*, 331 F.3d at 1137.

The sensitive information that Birdies seeks to file under seal is narrowly tailored and meets the good cause standard.

*First*, one marked portion of Exhibit C contains the personal phone number of Birdies' CEO, Bianca Gates.  Disclosure of this personally identifiable information would serve no public purpose and has the potential to lead to annoyance of Ms. Gates.  *See* Fed. R. Civ. P. 26(c).

*Second*, the marked portions of Exhibits C and D contain the confidential, internal electronic file locations for Birdies' stored data.  As explained in the attached Declaration of Birdies' President Marisa Sharkey ("Sharkey Decl."), Birdies stores and shares up-to-the-minute creative content in these file locations for future product development and marketing plans.  Sharkey Decl. ¶ 3.  If a member of the public or a competitor managed to access the files in these stored locations, it would risk disclosure of highly sensitive information and could cause substantial harm to Birdies.  *Id.*  Disclosure of these file locations would serve no public purpose and would place Birdies at risk of losing access to "confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c).

*Third*, the marked portion of Exhibit G contains Ms. Gates's testimony about potential plans for future product development and release.  This too is "confidential research, development, or commercial information," the disclosure of which could cause substantial commercial harm to Birdies.  Fed. R. Civ. P. 26(c).  As explained in the attached Sharkey Declaration, the product that Ms. Gates testified about has not been released and has not been publicly announced.  Sharkey Decl. ¶ 4.  There are many decisions that Birdies still needs to make about this potential product.  *Id.*  Thus, Ms. Gates's testimony reveals highly confidential trade secrets about a future product

plan. *Id.*; *see* Fed. R. Civ. P. 26(c).  Disclosure of this information to the public and to Birdies' competitors would cause significant harm to Birdies by arming its competitors with knowledge about potential future product offerings and internal strategy.  Sharkey Decl. ¶ 4; Fed. R. Civ. P. 26(c).  The Supreme Court and the Ninth Circuit recognize that such information is not subject to public disclosure, even under the higher "compelling reasons" standard.  *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978) (stating that "sources of business information that might harm a litigant's competitive standing" may be sealed); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets.").

The attached Declaration of Gregory P. Adams contains the exhibits with Birdies' requested redactions.  For clarity, Birdies refers to the documents using the same exhibit names listed in Rothy's motion.

The Court should seal these materials for all the reasons explained above and in the attached declarations of Marisa Sharkey and Gregory P. Adams.

Dated:   February 25, 2022                                         FENWICK & WEST LLP


                                           By: */s/ Jessica M. Kaempf*
                                               Jessica M. Kaempf

                                           *Counsel for Defendant Birdies Inc.*