DAVID K. TELLEKSON (admitted *pro hac vice*)
dtellekson@fenwick.com
JESSICA M. KAEMPF (admitted *pro hac vice*)
jkaempf@fenwick.com
FENWICK & WEST LLP
1191 Second Avenue, 10th Floor
Seattle, WA  98101
Telephone:     206.389.4510
Facsimile:      206.389.4511

SHANNON E. TURNER (CSB No. 310121)
sturner@fenwick.com
GREGORY P. ADAMS (CSB No. 292391)
gadams@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

Attorneys for Defendant
Birdies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROTHY'S, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BIRDIES, INC., a Delaware corporation,<br><br>　　　　　　Defendant. | Case No.: 3:21-cv-02438-VC<br><br>**DECLARATION OF MARISA SHARKEY IN SUPPORT OF RESPONSE TO ADMINISTRATIVE MOTIONS TO FILE MATERIALS UNDER SEAL [DKT. NOS. 119 AND 122]** |

　　　　　I, Marisa Sharkey, declare as follows:

　　　　　1.　　　I am co-founder and President of Birdies, Inc.  I submit this declaration in support of Birdies, Inc.'s Response to Rothy's motions for administrative relief to consider whether certain materials should be sealed (Dkt. Nos. 119 and 122).  I have personal knowledge of the facts set forth in this declaration.

2. Rothy's filed under seal several documents attached to its declaration for Dkt. 119. For that motion, Birdies seeks to file under seal portions of the documents Exhibits C, D, and G.

3. Exhibits C (BIRDIES_00077229) and D (BIRDIES_00077248) contain Slack messages. In those messages, my co-founder and Birdies' CEO, Bianca Gates, posted her personal phone number. The messages also list links to the company's internal file folders, including Google Drive folders for creative content, a calendar tracker where we store content, sharepoint sites containing the company's content plans, a URL on the video sharing platform Loom, and files shared on the Slack platform. If this information is made publicly available and an individual managed to access the content, it could cause substantial harm to Birdies. We store and share up-to-the-minute creative content in these electronic file locations for our future product development and marketing plans. If a member of the public or a competitor gained access, it would risk disclosure of highly sensitive information. A competitor could use the information to anticipate our product plans, causing substantial harm to Birdies.

4. Exhibit G includes excerpts of Ms. Gates's deposition transcript. On pages 199–200 of the deposition, Ms. Gates testified about Birdies' plans for a potential new product release. The product has not been released and has not been publicly announced. Rothy's counsel learned about this potential product through this litigation. As Ms. Gates testified, there are many decisions that we still need to make about this potential product. If Ms. Gates's testimony is made available to the public, it will reveal highly confidential trade secrets about Birdies' future product plans. Such disclosure would cause significant harm to Birdies by arming our competitors with knowledge about our potential future product offerings and internal strategy.

5. Rothy's also filed under seal several documents attached to its declaration for Dkt. 122. For that motion, Birdies seeks to file under seal the entirety of the documents labeled Exhibits A, B, and C. Birdies also seeks to file under seal portions of the document labeled Exhibit E.

6. Exhibits A (BIRDIES_00078658), B (BIRDIES_00079080), and C (BIRDIES_00079081) are spreadsheets containing Birdies' highly confidential financial information. They list Birdies' units sold by product type, net sales by product type, costs, operating expenses, pricing information, and net profits. This information is closely held within Birdies, and only select employees have access to it. If this information became publicly available, it would cause irreparable harm to Birdies. Birdies' competitors could use the information to set pricing strategies that could erode Birdies' market share and put our company at a significant competitive disadvantage. Birdies' suppliers could use the information to negotiate new contracts and set prices that would exploit our cost margins. Additionally, public disclosure of this information could impact Birdies' ability to find future investors.

7. Exhibit E includes excerpts of my deposition testimony about the financial information contained in Exhibits A through C. In many cases, my testimony includes verbatim recitals of the figures contained in those Exhibits. As a result, Birdies seeks to seal the portions of my deposition testimony that address specific profit or loss figures, as well as my testimony about the relative profitability of our various product offerings. Just like the information contained in Exhibits A through C, public disclosure of this testimony could cause substantial harm to Birdies. For example, if Birdies' suppliers learned about the relative profitability of our products, they might try to negotiate for higher prices on the more profitable shoes.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of February 2022.

*/s/ Marisa Sharkey*
Marisa Sharkey