UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROTHY'S, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>BIRDIES, INC.,<br><br>   Defendant. | Case No. 21-cv-02438-VC (AGT)<br><br>**ORDER GRANTING IN PART MOTION TO SEAL**<br><br>Re: Dkt. No. 119 |

  In connection with a discovery letter that Rothy's filed and the undersigned addressed, *see* dkt. 120, dkt. 127, Rothy's filed a motion to seal eight exhibits to the letter on the basis that Birdies had designated the exhibits as confidential, *see* dkt. 119. Birdies, in response, has told the Court that most of the content within these exhibits need not be sealed; but Birdies does seek to seal select excerpts from three of the exhibits. *See* Dkt. 148–49.

  Of those three exhibits, two, exhibits C and D, are printouts of Slack messages between Birdies's CEO and another Birdies employee. Within the messages, Birdies seeks to seal only its CEO's personal phone number and web links to shared drives containing Birdies's product development and marketing plans. Birdies has shown good cause for sealing the phone number and the web links. The public doesn't need access to this information, and its disclosure may lead to annoyance and competitive harm. The request to seal the phone number and web links is granted.

  The third exhibit in question, exhibit G, is a deposition transcript. Within the transcript, Birdies seeks to seal only several lines in which its CEO answered questions about a potential future product offering. Birdies contends that if its CEO's answers are publicly disclosed, the company could be competitively harmed. But the undersigned has reviewed the testimony in question and finds it to be benign. The questions related to whether Birdies intended to release a

knit version of a particular shoe model, and the CEO said she didn't know. This revelation, and the corresponding dialogue, doesn't seem significant enough to harm Birdies; and Birdies hasn't convinced the undersigned otherwise. Birdies's request to seal this information is denied.

On or before March 24, 2022, Rothy's must file public versions of the exhibits in question. Within the public versions, Rothy's must adopt Birdies's proposed redactions for exhibits C and D, but not for exhibit G.

**IT IS SO ORDERED.**

Dated: March 16, 2022

_____
Alex G. Tse
United States Magistrate Judge