**KILPATRICK TOWNSEND & STOCKTON LLP**
Steven D. Moore (State Bar No. 290875)
smoore@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:   415 576 0200
Facsimile:    415 576 0300

Taylor J. Pfingst (State Bar No. 316516)
tpfingst@kilpatricktownsend.com
1801 Century Park East
Suite 2300
Los Angeles, CA 90067
Telephone:     310 248 3830
Facsimile:      310 860 0363

Kevin M. Bell (Admitted Pro Hac Vice)
kbell@kilpatricktownsend.com
1400 Wewatta Street
Denver, CO  80202
Telephone:   303 571 4000
Facsimile:    303 571 4321

Megan E. Bussey (Admitted Pro Hac Vice)
mebussey@kilpatricktownsend.com
1114 Avenue of the Americas
New York, NY   10036
Telephone:   212 775 8700
Facsimile:    212 775 8800

Attorneys for Plaintiff and Defendant-in-Counterclaim
ROTHY'S, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ROTHY'S, INC., | Civil Action No. 3:21-cv-02438-VC |
| Plaintiff, | **CONSENT JUDGMENT** |
| v. | Judge:    Hon. Vince Chhabria |
| BIRDIES, INC., | Complaint Filed:   April 5, 2021<br>Trial Date:            January 30, 2023 |
| Defendant. | |

**FINAL JUDGMENT AND CONSENT PERMANENT INJUNCTION**

Plaintiff Rothy's Inc. ("Rothy's" or "Plaintiff") and Defendant Birdies, Inc. ("Birdies" or "Defendant") (collectively, "the Parties") have reached a confidential agreement (the "Agreement") in settlement of the dispute between them regarding The Blackbird shoes with a knit upper as shown in Exhibit A (the "Accused Product") and have consented to the entry of this Final Judgment and Consent Permanent Injunction, based on the following Stipulated Findings of Facts and Conclusions of Law, which the Court hereby adopts for purposes of the entry of the Final Judgment and Consent Permanent Injunction.

**STIPULATED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. On April 5, 2021, Rothy's filed its Complaint in this action against Birdies asserting U.S. Design Patent Nos. D885,016, D885,017, D909,718, and D870,425. On September 6, 2021, Rothy's filed its Amended Complaint asserting U.S. Design Patent Nos. D885,016, D885,017, D909,718, D870,425, and D925,874 (collectively, "Rothy's Asserted Design Patents"). *See* Dkts. 1, 41.

2. In this lawsuit, Rothy's accused Birdies of using and continuing to use the claimed designs of the Rothy's Asserted Design Patents, without Rothy's permission, on the Accused Product (as shown in Exhibit A) that Birdies makes, uses, offers for sale, sells, and/or imports into the United States and thereby infringes under 35 U.S.C. § 100 et seq.

3. On June 7, 2021, Birdies filed its Answer and Counterclaims in response to the Complaint and on September 20, 2021 Birdies filed its Answer and Counterclaims in response to the Amended Complaint denying Rothy's allegations and seeking a declaration of non-infringement and invalidity from the Court. Birdies denied all claims and liability for the alleged infringement asserted by Rothy's.

4. Rothy's is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 807 Montgomery Street, San Francisco, California 94133.

5. Rothy's is the owner of the Rothy's Asserted Design Patents.

6. Birdies is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 38 Keyes Avenue, San Francisco, CA 94129, and is doing business in the state of California.

7. Birdies agrees that, except during the time period permitted under the Agreement, it will not make, use, sell, offer for sale, or import the Accused Products (as shown in Exhibit A), or other products not more than colorably different from them that infringe one or more of the Rothy's Asserted Design Patents, and agrees to the entry of the Permanent Injunction and Order set forth below.

8. The Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Birdies because Birdies maintains its principal place of business in this District and regularly solicits and conducts business in this District and engages in other persistent courses of conduct in this District and otherwise submitted itself to the jurisdiction of this Court.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

11. The Parties hereby agree to the entry of this Permanent Injunction.

## **PERMANENT INJUNCTION AND ORDER**

Based on the parties' stipulation and agreement hereto, it is **ORDERED, ADJUDGED, and DECREED** as follows:

12. Birdies has used, offered for sale, sold, and/or imported into the United States the Accused Product (as shown in Exhibit A) after the issuance of Rothy's Asserted Design Patents.

13. Birdies has agreed, as part of the Agreement to entry of this order, to reach settlement in the present litigation and resolve the dispute regarding the Accused Product as shown in Exhibit A, and acknowledges the following:

   a. Rothy's Asserted Design Patents are valid.
   b. The Accused Product (as shown in Exhibit A) infringes one or more of Rothy's Asserted Design Patents.

14. Subject to the terms of the Agreement, Birdies has agreed to immediately cease making, using, offering for sale, selling, or importing into the United States the Accused Product (as shown in Exhibit A) and any other product that is not more than colorably different therefrom and infringe one or more of Rothy's Asserted Design Patents.

15. Except as provide in the Agreement, as of the date the Court enters this Permanent Injunction, Birdies and its members, agents, representatives, employees, successors and assigns, and all others in active concert or participation with them, are hereby **PERMANENTLY ENJOINED, and RESTRAINED** from: (i) making, using, selling, or offering for sale in the United States, (ii) importing into the United States, and (iii) actively inducing others in the United States or contributing to others in the United States (a) to make, use, sell, or offer for sale in the United States or (b) to import into the United States the Accused Product (as shown in Exhibit A), and any other products that are not more than colorably different therefrom and that infringe Rothy's Asserted Design Patents.

16. Birdies acknowledges that it has knowingly and voluntarily entered into this Permanent Injunction after reviewing the same with its counsel. Birdies understands the undertakings, obligations, and terms of this Permanent Injunction.

17. This Permanent Injunction constitutes a Final Judgment concerning the Infringement Claims and Counterclaims by the Accused Product (as shown in Exhibit A).

18. The terms of this Permanent Injunction will be binding on the parties and their affiliates, subsidiaries, successors, assigns, officers, employees, and all persons acting in active concert or participation with Birdies.

19. In the event Birdies violates the Consent Judgment and Injunction, Rothy's may seek injunctive relief and damages for such violations and may also seek other remedies or sanctions including attorney's fees and costs incurred as a result.  However, Birdies may dispute whether any injunctive relief, damages for alleged violations, or any other remedies or sanctions sought by Rothy's is appropriate.

20. In all other respects, the Action is dismissed with prejudice, with each Party shall bear its attorneys' fees, expenses, and costs in connection with this matter.

21. This Court shall retain jurisdiction over this matter to enforce any violation of the Agreement and/or this Final Judgment and Consent Permanent Injunction.

It is SO ORDERED, this the 25 day of August, 2022.

Hon. Vince Chhabria
United States District Judge

# EXHIBIT A

## ORIGINAL KNIT BLACKBIRD

